| | |
|---|---|
| ERNEST MORGAN, | 1:17-cv-00425-LJO-JLT |
| Plaintiff, | MEMORANDUM DECISION AND ORDER DENYING MOTION TO DISMISS (Doc. 24) |
| v. | |
| EDMUND G. BROWN, *et al.*, | |
| Defendants. | |

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

## I. INTRODUCTION

This case concerns Plaintiff Ernest Morgan's claims under 42 U.S.C. § 1983 ("§1983") against Defendants P. Guzman and Does one through ten (collectively "Defendants"). The claims arise out of a March 10, 2016, assault and battery on Plaintiff by another prisoner while Plaintiff was incarcerated at Wasco State Prison ("Wasco"). ECF Document No. ("Doc.") 22 at 2 ¶ 1. Plaintiff's § 1983 claims are premised on Defendants' failure to protect as required by the Eighth Amendment as applied to the states through the Fourteenth Amendment.

Plaintiff filed his initial complaint on March 23, 2017. Doc. 1. The Court dismissed the complaint with leave to amend on June 30, 2017. Doc. 21. Plaintiff filed a first amended complaint ("FAC") on July 20, 2017. Doc. 22. Defendants filed the instant motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) on July 31, 2017. Doc. 24. Plaintiff filed an opposition on August 13, 2017, Doc. 26, and Defendants filed a reply on August 22, 2017. For the following reasons, Defendants' motion to dismiss is DENIED.

## II. BACKGROUND

The following facts are drawn from the complaint and filings in this matter, and are accepted as true only for the purpose of this motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff was incarcerated at Wasco from February 10, 2016, until December 23, 2016. Doc. 22 at 2 ¶ 2. After warning prison staff that he was likely to be assaulted by other inmates due to a prior conviction for sexual assault, Plaintiff was placed into protective custody in the Sensitive Needs Yard. *Id*. at 3-4 ¶¶ 11-14. Sensitive Needs Yard inmates are segregated from general population inmates for their protection, and are issued special clothes and a wristband so they can be readily identified. *Id*. at 3-4 ¶14. On March 10, 2016, Plaintiff was assaulted by Kameron Merrilhooper, a general population inmate, while in the exercise yard and in the company of other Sensitive Needs Yard inmates. *Id*. at 4 ¶ 15. Mr. Merrilhooper gained access to the Sensitive Needs Yard through a door which Officer Guzman had opened and left unguarded. *Id*. at 4 ¶¶ 15, 17. Wasco policies provided that the door between the Sensitive Needs Yard and general population be guarded when open. *Id*. at 4 ¶ 15.

## III. STANDARD OF DECISION

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355

U.S. 41, 47 (1957)). To overcome a Rule 12(b)(6) challenge, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id*. A claim which is possible, but which is not supported by enough facts to "nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## IV. <u>ANALYSIS</u>

Section 1983 provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute explicitly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 692-95 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative

3

act, participates in another's affirmative acts or omits to perform an act which he is legally to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Defendants advance two arguments in their motion to dismiss. First, Defendants contend that the FAC does not allege sufficient facts to show either that Mr. Guzman was aware of a substantial risk of serious harm to Plaintiff or that Mr. Guzman acted with deliberate indifference in disregarding that risk. Doc. 24-1 at 5-7. Second, Defendants assert that Plaintiff's allegations that Mr. Guzman disregarded Wasco's policies and procedures does not state a cognizable claim under § 1983. *Id* at 7.[1]

Plaintiff responds by arguing that he has alleged sufficient facts to overcome Defendants' motion to dismiss. Plaintiff states that his presence in the Sensitive Needs Yard is itself an indication that he was exposed to heightened danger from other inmates. Doc. 26 at 5. Defendants and other guards placed Plaintiff in isolation because of this increased risk of attack from general population inmates. *Id*. at 6. Plaintiff contends that the danger at Wasco was further heightened by overcrowding at the prison. *Id*. at 5. He argues that Defendants' failure to secure the door between general population and the Sensitive Needs Yard is sufficient to show deliberate indifference. *Id*. at 7.

### A. <u>Failure to Protect</u>

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the Eighth Amendment only if they

---

[1] The Court does not read Plaintiff's FAC to assert an independent claim based on Officer Guzman's alleged failure to follow practices and procedures. Defendants' motion cites to factual allegations in Plaintiff's FAC, but not to any claim for relief. *See* Doc. 24-1 at 7. Plaintiff's opposition to the motion does not address the issue. As the Court cannot grant the relief of dismissing a claim which has not been made, Defendants' motion as to the aforementioned issue is denied as moot.

4

demonstrate deliberate indifference to conditions posing a substantial risk or serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040. The prison official need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before [he] is obligated to take steps to prevent such an assault." *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir.1986). However, before being required to act the prison official must have more than a "mere suspicion" that an attack will occur. *See id*.

The obviousness of the risk may be sufficient to establish knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir.1995). Thus, "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842. "[S]peculative and generalized fears of harm at the hands of other prisoners do not rise to a sufficiently substantial risk of serious harm." *Williams v. Wood*, 223 Fed. App'x 670, 671, 2007 WL 654223, at *1 (9th Cir. 2007).

To establish an Eighth Amendment constitutional violation stemming from a failure to protect, two requirements must be met. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, 'sufficiently serious,'" that is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, "a prison official must have a 'sufficiently culpable state of mind,'" which is "'deliberate indifference' to inmate health or safety." *Farmer*, 511 U.S. at 834 (quoting *Wilson*, 501 U.S. at 297, 302-03). The officer must "know[] of and disregard[] an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. In other words, an Eighth Amendment failure to protect claim has both an objective component and a subjective component.

### i.     Objective Component-Substantial Risk

The Ninth Circuit has concluded that a claim for deliberate indifference is properly stated against a prison guard when a prisoner alleges that he was placed in protective custody because of a danger, the guard had been warned of the danger, the guard ignored the danger, and the prisoner was thereafter injured in the manner of which the guard was warned. *Berg*, 794 F.2d at 460-61. In doing so, the Ninth Circuit observed that "[p]rotecting the safety of prisoners and staff involves difficult choices and evades easy solutions. Courts often lack competence to evaluate fully prison administrative decisions." *Id*. at 460. A prison guard need not "believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that officer is obligated to take steps to prevent such an assault. But, on the other hand, he must have more than a mere suspicion that an attack will occur." *Id*. at 459 (quotation marks and citations omitted).

In at least some contexts, a general fear of harm based on status may give rise to a duty to protect an inmate. While some circuits have concluded that, "a deliberate indifference claim cannot be predicated merely on knowledge of general risk of violence in prison," *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000) (citing *James v. Milwaukee Cnty.*, 956 F.2d 696, 701 (7th Cir. 1992), others, including the Ninth Circuit, have held that a serious danger may be present when a prisoner has a special attribute which should put prison officials on alert, such as having been an informer or being placed in protective custody. *See Berg v. Kincheloe*, 794 F.2d 457 (9th Cir. 1986) (unrefuted allegations that a plaintiff was in protective custody because his life was in danger and that he warned a guard of the danger were sufficient to survive a motion for summary judgment); *Gullatte v. Potts*, 654 F.2d 1007 (5th Cir. 1981) (a prison official who is aware that "snitches" are subject to danger in the general population may have a duty to protect a snitch).

Defendants contend that Plaintiff has not pled sufficient facts to show that Officer Guzman was aware of a threat from any specific inmate to Plaintiff. Doc. 5 at 8. Plaintiff indeed has not pled any facts indicating that there had been any sort of threat from Mr. Merrilhooper before the assault. Review of the

FAC shows, however, that Plaintiff did allege that there existed a threat to his well-being from general population inmates at Wasco. Doc. 22 at 3 ¶ 11, 4-5 ¶ 17. The threat alleged, that of harm at the hands of other inmates, is sufficient to constitute "conditions posing a substantial risk of serious harm." Accordingly, the Court rejects Defendants' argument that Plaintiff did not face an objectively substantial risk of serious harm.

### ii. Subjective Component-Deliberate Indifference

To satisfy the subjective component of an Eight Amendment claim, a plaintiff must allege that a prison official "knows of and disregards an excessive risk of inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as the infliction of punishment." *Id*. at 838. However, prison officials are not free to ignore obvious dangers to inmates. *Farmer*, 511 U.S. at 842; *Foster v. Runnels*, 554 F.3d 807, 814 (9th Cir. 2009). Prisoners "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Farmer*, 511 U.S. at 842. "Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842; *Foster*, 554 F.3d at 814.

The issue here is whether Plaintiff pled facts indicating that Officer Guzman acted with deliberate indifference in leaving the door between the yards open. The Court finds that Plaintiff has met this burden. Plaintiff alleges that Officer Guzman knew that the door between the yards was to be guarded at all times when open to prevent attacks on inmates in the Sensitive Needs Yard. Doc. 22 at 4-5 ¶ 17. He also knew that there had been attacks on Sensitive Needs Yard inmates in the past. *Id*. at 6 ¶

20. By leaving the door open and unguarded, Officer Guzman disregarded that risk. Officer Guzman's actions may have been reasonable, given the shortage of guards at Wasco and the need for his presence elsewhere, but this is a question of fact not to be resolved at the motion to dismiss stage. *See Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1194-95 (9th Cir. 2002) (deliberate indifference claims frequently cannot be decided based on the pleadings). That Mr. Merrilhooper was not specifically identified before the fact as a danger to Plaintiff, or that other prisoners housed in the Sensitive Needs Yard faced the same risk of assault from an open and unguarded door, is irrelevant. *See Farmer*, 511 U.S. at 833 ("[I]t does not matter whether the risk comes from a single source or multiple sources, any more than it matters whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk."). Plaintiff has sufficiently alleged that Defendants were aware of the serious risk and that they willfully disregarded that risk. Accordingly, the Court rejects Defendants' argument that Plaintiff has not met his pleading burden.

## V. **CONCLUSION AND ORDER**

For the foregoing reasons, Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: **September 21, 2017**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE