# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MORGAN, | 1:17-cv-00425-LJO-JLT |
| Plaintiff, | MEMORANDUM DECISION AND ORDER RE MOTIONS IN LIMINE |
| v. | (ECF Nos. 53, 54) |
| EDMUND G. BROWN, et al., | |
| Defendants. | |

## I. INTRODUCTION

This case concerns Plaintiff's claims under 42 U.S.C. § 1983 for injuries sustained by Plaintiff while he was incarcerated at Wasco State Prison. Plaintiff's First Amended Complaint, filed on July 20, 2017, states a single claim under § 1983 alleging that Defendant P. Guzman ("Defendant" or "Officer Guzman") and Doe Defendants were deliberately indifferent to Plaintiff's safety in violation of the Eighth and Fourteenth Amendments when Plaintiff was battered by another inmate. ECF No. 22. This matter is set for trial on December 11, 2018, at 8:30 a.m. Pursuant to the deadlines set forth in the Pre-Trial Order, the parties each filed motions in limine on November 5, 2018, ECF Nos. 53, 54, and oppositions on November 15, 2018, ECF Nos. 55, 56. After reviewing the filings, the Court took the motions in limine under submission on the papers. ECF No. 57.

## II. PLAINTIFF'S MOTIONS IN LIMINE

Plaintiff brings three motions in limine: (1) to exclude the introduction of his prior felony convictions at trial; (2) to exclude the testimony of Defendant's witnesses J. Faraj and S. McGough and

1

to exclude documents from Plaintiff's central correctional file; and (3) to exclude the statements of four unidentified inmates to Officer Guzman. ECF No. 55 at 1. The Court will address each motion in turn.

A.  **Motion to Exclude Evidence of Plaintiff's Prior Felony Convictions**

Plaintiff argues that evidence of his prior felony convictions should be excluded because such evidence would only bear on his truthfulness, not on the core issues in this case, and the prejudicial effect of such evidence would outweigh any probative value. ECF No. 54 at 2. Plaintiff also argues that because the convictions occurred more than ten years ago their probative value is further diminished. *Id*. Plaintiff also objects to the use of any arrests, as such evidence is not relevant for impeachment purposes. *Id*. at 3. Plaintiff also argues that Defendant has not identified any particular convictions he intends to introduce. ECF No. 56 at 6.[1] Finally, Plaintiff argues that convictions for drug sales or a probations violation, presumably examples of the felony convictions Defendant may intend to introduce, are not probative of a character for truthfulness or untruthfulness. *Id*.

Defendant argues that he should be admitted to present evidence of Plaintiff's felony convictions under Federal Rule of Evidence ("Rule") 609, and because the convictions are probative of Plaintiff's credibility. ECF No. 53 at 8. He also points out that Plaintiff was serving a sentence for the convictions Defendant seeks to introduce at the time of the incident that gave rise to this case. *Id*. Defendant asserts that he does not intend to discuss the details of Plaintiff's convictions, thus limiting the prejudicial effect. ECF No. 55 at 2.

Based on the information provided by the parties thus far, the Court is unable to rule on the motion to exclude evidence of prior convictions. Specifically, the Court must know what specific felony convictions Defendant seeks to introduce and when they occurred. The Court will take up this motion at 8:15 a.m. on the morning of trial, at which time it will rule. The matter is held in abeyance until that

---

[1] Anticipating Plaintiff's motion in limine, Defendant submitted arguments against excluding evidence of prior convictions with his own motions in limine. ECF No. 54. Defendant then responded to Plaintiff's motion, ECF No. 55, while Plaintiff offered his own response to Defendant's initial arguments in favor of admitting the convictions, ECF No. 56. Each side has therefore weighed in twice on this issue.

time.

B. <u>**Motion to Exclude Testimony of J. Faraj and S. McGough and Plaintiff's Central Correctional File**</u>

Plaintiff argues that J. Faraj and S. McGough should not be permitted to testify, and Plaintiff's central file should be excluded under Federal Rule of Civil Procedure 37(c)(1), because Defendant did not identify either witness or produce the file during discovery. ECF No. 54 at 4. Defendant asserts that he did effectively identify Ms. Faraj, because she is the custodian of records for Plaintiff's central file documents and Defendant identified an unnamed custodian of records in his initial disclosures. ECF No. 55 at 3. Even though Ms. Faraj was not identified by name, as Plaintiff's custodian could change depending on his carceral status, Defendant identified Ms. Faraj by her position. *Id*.

Defendant argues that Mr. McGough will testify as to the height of a fence separating Special Needs Yard inmates from general population, a fact which Plaintiff has placed into contention. *Id*. Defendant asserts that he was unaware until the summary judgment stage that Mr. McGough's testimony would be required, but that Mr. McGough was identified at that time, and that information regarding his testimony was communicated to Plaintiff as soon as Defendant obtained it. *Id*. at 4-5. While the central file was not produced in discovery, Defendant contends that Plaintiff had access to the file at all times, and that the file was identified before Defendant moved for summary judgment. *Id*. at 4-5. Defendant argues that the delay in identifying the two witnesses and the central file was harmless, and Plaintiff is unlikely to suffer prejudice because the trial is likely to be delayed. *Id*. at 5. The central file should not be excluded because doing so would be highly prejudicial to Defendant, and a less harsh remedy could be fashioned to appropriately remedy any prejudice to Plaintiff. *Id*. at 6.

Based on the nature of the testimony to be offered, Ms. Faraj was adequately identified by her title as custodian of records, and Defendant may offer her testimony. Defendant may offer Mr. McGough's testimony only for impeachment purposes, should Plaintiff bring into dispute the height of the fence. Finally, Plaintiff has not made a showing that he has been prejudiced in any way due to the

3

delayed disclosure of documents in his own central file. Therefore, Plaintiff's motion is overruled.

**C.      Motion to Exclude Statements of Four Unnamed Inmates**

Plaintiff argues that the statements of four unnamed inmates to Officer Guzman that inmate Merrilhooper had exited a dormitory, jumped the fence, and gained access to the exercise yard should be excluded because the statements are hearsay and inadmissible under Rule 802. ECF No. 54 at 5. Defendant argues that the statements are not offered for the truth of the matter asserted, and are therefore not hearsay. ECF No. 55 at 7.

A statement is only hearsay if it is a statement "the declarant does not make while testifying at the current trial or hearing" and "a party offers [the statement] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Defendant's purpose in introducing the inmates' statements is to explain the actions Officer Guzman took subsequently, namely securing the dormitory, not to prove that inmate Merilhooper actually did leave the dormitory or jump the fence. The statements simply are not hearsay, and Plaintiff's motion is overruled.

### III.   DEFENDANT'S MOTIONS IN LIMINE

Defendant brings four motions in limine: (1) to exclude the testimony of Plaintiff's wife, Debora Weaver; (2) to exclude the testimony of Plaintiff's treating physicians; (3) to exclude Plaintiff's testimony as to his medical conditions; and (4) limit the number of photographs of Plaintiff's injuries.[2] ECF No. 53..

**A.      Motion to Exclude Testimony of Debora Weaver**

Defendant argues that Plaintiff's wife, Debora Weaver, should not be permitted to testify as she has no personal knowledge of the precipitating incident, and is not qualified to testify as to whether any of Plaintiff's medical conditions were caused by his injuries at the prison. ECF No. 53 at 2. Plaintiff

---

[2] As noted above, the Court has already addressed Defendant's motion in limine regarding Plaintiff's prior felony convictions.

4

responds that Ms. Weaver will testify as to Plaintiff's appearance, demeanor, and health before and after the incident as a lay witness. ECF No. 56 at 2.

Defendant's motion is overruled in part and sustained in part. Ms. Weaver may testify about her observations of Plaintiff before and after the incident to the extent she has personal knowledge as a lay witness under Rule 701. She may not offer any opinions regarding medical diagnoses or causation, as she is not a medical expert.

**B.      Motion to Exclude Testimony of Plaintiff's Treating Physicians**

Defendant seeks to limit the testimony of Plaintiff's treating physicians, Dr. Solemani and Dr. Kitt, to opinions formed in the course of treating Plaintiff, as Plaintiff has identified the doctors as expert witnesses but did not properly disclose the content of their testimony under Federal Rule of Civil Procedure 26(a)(2)(C) or provide any expert reports. ECF No. 53 at 3-5. Plaintiff argues that all of the medical records produced by Dr. Solemani and Dr. Kitt have been disclosed, that treating physicians need not file a report as they are disclosure experts, and that treating physicians may provide opinions regarding the effects of an injury without an expert report. ECF No. 56 at 3.

A treating physician is not an expert "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," and treating physicians therefore need not provide a written report. Fed. R. Civ. P. 26(a)(2)(B); *see also id.*, advisory committee's notes, 1993 Amendment ("A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."). Treating physicians are not bound by the same rules as apply to other experts. However, treating physicians are only exempt from the written report requirement in Rule 26(a)(2)(B) to "the extent that [their] opinions were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Therefore, Dr. Kitt and Dr. Solemani may testify only about conclusions and observations formed in the course of treatment, including the effects of Plaintiff's injuries. Plaintiff's treating physicians may not offer expert opinions on matters outside the course of treatment, and to that extent

Defendant's motion is sustained.

**C.     Motion to Limit Plaintiff's Testimony**

Defendant seeks to limit Plaintiff's testimony by preventing Plaintiff from making any statements regarding a diagnosis, opinions, inferences or causation of Plaintiff's current medical conditions. ECF No. 53 at 6. Plaintiff argues that he is permitted to testify about his own body before and after the subject incident. ECF No. 56 at 4.

The motion is overruled in part and sustained in part. Plaintiff may testify as to his own mental and physical condition as he has personal knowledge under Rule 701. He may not, however, testify as to his medical diagnosis, prognosis, or the medical causation of his conditions, as he is not an expert in those areas.

**D.     Motion to Limit the Number of Photographs of Plaintiff's Injuries**

Defendant moves to limit the number of photographs of Plaintiff's injuries. ECF No. 53 at 6. Plaintiff has listed seven photographs showing his bloodied and swollen face as trial exhibits. *Id*. Defendant seeks to limit Plaintiff to introducing only one of the photographs, arguing that showing all seven would be unfairly prejudicial due to their gruesome nature. *Id*. at 7. Additionally, Defendant argues that the pictures are needlessly cumulative. *Id*. Defendant also seeks to bar Plaintiff from using the pictures during opening statements or with the testimony of any percipient witnesses to the incident. *Id*. Plaintiff contends that the photographs were taken from different angles with different views by prison officials to document Plaintiff's injuries. ECF No. 56 at 5. He argues that all seven are necessary to depict Plaintiff's injuries, and that mere gruesomeness is not necessarily prejudicial when needed to show damage. *Id*.

Based on the arguments presented by the parties, the Court is unable to determine whether the photographs are unfairly prejudicial or needlessly cumulative under Rule 403. To determine whether all or some of the photographs may be presented as evidence, the Court will examine the photographs at 8:15 a.m. on the morning of trial, and rule on the motion in limine at that time. This matter is held in

abeyance until that time.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, Plaintiff's first motion in limine and Defendant's fourth motion in limine are held in abeyance. Plaintiff's second and third motions are OVERRULED. Defendant's first, and third motions in limine are SUSTAINED in part and OVERRULED in part. Defendant's second motion is SUSTAINED.

IT IS SO ORDERED.

Dated: **November 20, 2018**      /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE